IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Q1, LLC AND WILLIE JEFFERSON,

        Plaintiffs,

  vs.

COUNTY OF SACRAMENTO, et al.,

        Defendants.
_____/

No. 2:08-cv-1564 JAM KJN PS

FINDINGS AND RECOMMENDATIONS & ORDER TO SHOW CAUSE

Presently before the court is defendants' motion to dismiss plaintiff Q1, LLC ("Q1") from this action on the ground that Q1, an unrepresented limited liability company, may not proceed in this action without an attorney.[1] (Dkt. No. 24.) Neither Q1 nor plaintiff Willie Jefferson filed an opposition to defendants' motion to dismiss.

This matter was heard on this court's law and motion calendar on July 17, 2009. (Dkt. No. 28.) Attorney Jennifer Plescia appeared on behalf of defendants. Mr. Jefferson, who is proceeding without counsel, did not appear. No appearance was made on behalf of Q1.

For the reasons stated below, the undersigned recommends that defendants'

---

[1] This action proceeds before this court pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 31).

motion be granted and that Q1 be dismissed from this action without prejudice. In addition, the court orders that Mr. Jefferson show cause why this action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

I.  BACKGROUND

On July 8, 2008, plaintiffs Jefferson and Q1 filed their complaint in this action. (Dkt. No. 1.) Initially, plaintiffs were represented by counsel, attorney Gaspar R. Garcia, II. Defendants filed an answer to the complaint. (Dkt. No. 13.)

On April 6, 2009, the Honorable John A. Mendez entered an order granting Mr. Garcia's motion to withdraw as counsel. (Dkt. No. 23.) Judge Mendez found good cause for granting the motion in that (1) Mr. Garcia was closing his law practice, (2) plaintiffs assented to the withdrawal, and (3) plaintiffs would not suffer undue prejudice by the withdrawal. (Dkt. No. 23 at 2.)

Following Mr. Garcia's withdrawal from the representation of Q1 and Mr. Jefferson, defendants filed the motion to dismiss at issue here, seeking to dismiss Q1 on the ground that a limited liability company may not appear in an action without representation by a licensed attorney under Local Rule 183(a) and 28 U.S.C. § 1654.[2] (Defs.' Notice of Mot. & Mot. to Dismiss at 2 (Dkt. No. 24).)

As noted above, plaintiffs did not file an opposition to defendants' motion to dismiss, and no appearances were made on behalf of Mr. Jefferson or Q1 at the hearing on defendants' motion. At the hearing, defendants' counsel represented that she had not had recent contact with plaintiffs. The court's docket reflects a lack of activity in this case by Mr. Jefferson, and Judge Mendez entered an order rescinding the scheduling order and vacating all dates in this case given defendants' pending motion to dismiss Q1. (See Dkt. No. 30.)

---

[2] At the time defendants filed their motion to dismiss, Local Rule 183 was numbered Local Rule 83-183. It has since been renumbered as reflected above.

2

II. DISCUSSION

   A. <u>Defendants' Motion to Dismiss Plaintiff Q1</u>

Pursuant to this court's local rules, "[a] corporation or other entity may appear only by an attorney." Local Rule 183(a). Case law within and outside of the Ninth Circuit is in accord. It is well-settled that "[a] corporation may appear in federal court only through licensed counsel." <u>United States v. High Country Broad. Co.</u>, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); <u>see</u> <u>also</u>, e.g., <u>D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.</u>, 366 F.3d 972, 973-74 (9th Cir. 2004) (applying rule to partnerships); <u>Church of the New Testament v. United States</u>, 783 F.2d 771, 773-74 (9th Cir. 1986) (applying rule to unincorporated associations). The Seventh Circuit Court of Appeals has specifically and persuasively held that a limited liability company, which is essentially a hybrid between a partnership and a corporation, must appear in federal court through licensed counsel. <u>Lattanzio v. COMTA</u>, 481 F.3d 137, 140 (7th Cir. 2007) (per curiam).

Here, Q1 is a limited liability company. Thus, it may only appear in federal court through a licensed attorney. Although Q1 was at one point represented by a licensed attorney, the court granted Mr. Garcia's motion to withdraw, which rendered Q1 an unrepresented entity unable to appear in federal court as such. Q1 has not alerted the court to the retention of new legal counsel since Mr. Garcia's withdrawal. And although Mr. Jefferson, an officer of Q1 (Dkt. No. 20 at 1), may represent himself in this action, that right of self-representation is personal to him and does not extend to Q1. <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987). Accordingly, Q1 may not proceed in this action without counsel, and defendants' motion to dismiss should be granted.

   B. <u>Order to Show Cause Regarding Dismissal for Failure to Prosecute</u>

The court next turns to the fact that there has been no communication from Mr. Jefferson since Mr. Garcia's withdrawal as counsel for Mr. Jefferson and Q1. Pursuant to

Federal Rule of Civil Procedure 41(b), the court may dismiss plaintiff's action for failure to prosecute. Given an absence of communication from Mr. Jefferson, the court questions whether Mr. Jefferson desires to further prosecute this action. Accordingly, the court will order Mr. Jefferson to show cause why this case should not be involuntarily dismissed.

III.  CONCLUSION

For the foregoing reasons IT IS HEREBY RECOMMENDED that defendants' motion to dismiss Q1 from this action be granted and that Q1 be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Furthermore, it is hereby ORDERED that plaintiff Willie Jefferson show cause in writing on or before March 23, 2010 why this case should not be dismissed as to Mr. Jefferson for lack of prosecution. Failure to timely file the required writing will result in a recommendation that this case be dismissed. Fed. R. Civ. P. 41(b).

DATED: February 22, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4