1

2

3

4

5

6

7

8                               IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   Q1, LLC AND WILLIE
     JEFFERSON,
11
                    Plaintiffs,                    No. 2:08-cv-01564 JAM KJN PS
12          v.

13   COUNTY OF SACRAMENTO,                         FINDINGS AND RECOMMENDATIONS
     et al.,
14
                    Defendants.
15   _____/

16          On February 23, 2010, the undersigned ordered plaintiff Willie Jefferson to show

17   cause in writing on or before March 23, 2010, why this case should not be dismissed as to Mr.

18   Jefferson for lack of prosecution.[1]  (Dkt. No. 32 at 4.)  That order also warned Mr. Jefferson that

19   failure to timely file the required writing would result in a recommendation that this case be

20   dismissed pursuant to Federal Rule of Civil Procedure 41(b).

21          The docket reflects that Mr. Jefferson has not filed the required writing and thus

22   failed to comply with the court's February 23, 2010 order.  Additionally, the court's docket

23   reflects that the court's attempted service of the order to show cause and other documents on Mr.

24   Jefferson have been unsuccessful; the court's attempted mailings have been returned as

25   ─────────────────

26          [1]  Plaintiff Q1, LLC was dismissed from this action without prejudice on March 23, 2010.
     (Dkt. No. 33.)

1  undeliverable.  The court granted Mr. Jefferson additional time in which to file a notice of

2  change of address, which he was required to file under the court's local rules.  Local Rule 182(f)

3  ("Each appearing attorney and pro se party is under a continuing duty to notify the Clerk and all

4  other parties of any change of address or telephone number of the attorney or the pro se party.").

5  The docket reflects that Mr. Jefferson has not filed a notice of change of address and has taken no

6  action in this case since February of 2009.  Accordingly, the undersigned will recommend that

7  this case be dismissed for failure to prosecute and failure to comply with the court's orders.  See

8  Fed. R. Civ. P. 41(b); Local Rules 110, 183(a); see also Hells Canyon Preservation Council v.

9  U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an

10  action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to

11  prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46

12  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

13  proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se

14  litigants must follow the same rules of procedure that govern other litigants.").

15          For the foregoing reasons, the undersigned HEREBY RECOMMENDS that:

16          1.      This case be dismissed with prejudice; and

17          2.      The Clerk of Court be directed to close this case and vacate any pending

18  dates.

19          These findings and recommendations are submitted to the United States District

20  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

21  days after being served with these findings and recommendations, any party may file written

22  objections with the court and serve a copy on all parties.  Such a document should be captioned

23  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

24  within the specified time may waive the right to appeal the District Court's order.  Turner v.

25  ////

26

1   Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir.

2   1991).

3   DATED:  May 25, 2010

4

5

6

7   KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26